# EXHIBIT A

NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
) SUPERIOR COURT DIVISION
) BEFORE THE CLERK
MECKLENBURG COUNTY )
IN RE: ) 10 SP 4075

Foreclosure of Real Property Under Deed of Trust )
from *LARRY BAXTER, AN UNMARRIED MAN*, in )
the original amount of *$165,600.00*, and *dated* )
*January 31, 2007 and recorded on February 5,* ) **ORDER TO ALLOW FORECLOSURE SALE**
*2007 in Book 21733 at Page 854, Mecklenburg* )
County Registry )
Brock & Scott, PLLC, Substitute Trustee )



**THIS CAUSE** coming on to be heard before the undersigned Honorable Clerk of Superior Court of *Mecklenburg* County and having heard the evidence and examined the appropriate affidavits and certified copies of documents, makes the following findings of fact:

1. **JPMorgan Chase Bank, National Association**, is the holder of the note sought to be foreclosed and it evidences a valid debt owed by *Larry Baxter*.

2. That said note is now in default and the instrument securing said debt gives the noteholder the right to foreclose under a power of sale.

3. That notice of this hearing has been served on the record owners of the real estate and to all other persons against whom the noteholder intends to assert liability for the debt.

4. That the Notice of Hearing for this proceeding was filed after the effective date for the Emergency Program to Reduce Home Foreclosures; however, the underlying mortgage debt is not a subprime loan as defined in N.C.G.S. 45-101(4) and any notices required under N.C.G.S. 45-102, et seq do not apply to this proceeding.

5. That the debtors have shown no valid legal reason why foreclosure should not commence.

NOW, THEREFORE, I find that the Substitute Trustee can proceed to foreclose under the terms of the above described Deed of Trust and give notice of and conduct a foreclosure sale as by statute provided.

This 22nd day of June, 2010.

_____
Asst Clerk of Superior Court

09-00610