UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-CV-165-FDW

| LARRY BAXTER, JR. | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| BROCK & SCOTT PLLC, JP MORGAN CHASE & CO., ANDREA HUDSON, CLARENCE CHAPPELLE, JEREMY WILKINS, TRUSTEE SERVICES OF CAROLINA LLC | ) |
| | ) |
| Defendants. | ) |

THIS MATTER is before the Court upon two Motions to Dismiss brought by different sets of Defendants pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants JP Morgan Chase & Co. ("Chase"), Andrea Hudson, and Clarence Chappelle (collectively the "JP Morgan Defendants") filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 13). Defendants Trustee Services of Carolina, LLC, Brock & Scott, PLLC, Jeremy Wilkins, and Thomas McDonald (collectively the "Brock & Scott Defendants") also filed a Motion to Dismiss for failure to state a claim. (Doc. No. 18). Because Plaintiff appears pro se, the Court issued a Roseboro notice, (Doc. No. 20), advising Plaintiff of his right to respond to Defendants' Motions to Dismiss. Plaintiff then responded in a timely manner. (Doc. No. 23).

As such, this matter is now ripe for adjudication and for the reasons stated below, the Court GRANTS IN PART the JP Morgan Defendants' Motion to Dismiss with respect to lack of subject matter jurisdiction. Additionally, even though the Brock & Scott Defendants did not raise

the issue in their Motion, the Court finds *sua sponte* that its lack of subject matter jurisdiction extends to claims raised against the Brock & Scott Defendants, as well. Because the Court finds that it is without subject matter jurisdiction, it DENIES AS MOOT all Defendants' Motions to Dismiss for failure to state a claim.

## BACKGROUND

On November 17, 2008, Plaintiff received a Notice of Intent to Foreclose from Washington Mutual (Compl. ¶ 11). A special proceeding was commenced before the Clerk of Court of Mecklenburg County in 2010. On June 22, 2010, the Clerk entered an order authorizing the foreclosure sale of the property to proceed pursuant to N.C. Gen. Stat. § 45-21.16(d) after a hearing on the matter (Compl. ¶ 15). In that order, the Clerk found that the property's note and deed were held by Chase, that the Plaintiff had defaulted on that note, and that Chase therefore had the power to foreclose. Plaintiff did not appeal this decision in state court.

On April 9, 2014 — almost four years after the Clerk entered the original order — Plaintiff filed this Complaint alleging that Defendants had violated three federal statutes: (1) the Real Estate Settlement Procedures Act ("RESPA"), (2) the Truth in Lending Act ("TILA"), and (3) the Fair Debt Collection Practices Act ("FDCPA") during the state foreclosure proceedings. The Plaintiff is not seeking to overturn the Clerk's decision but is seeking damages.

## ANALYSIS

Before addressing Defendants' 12(b)(6) Motions, the Court must first determine whether or not it has jurisdiction to hear the case. The existence of subject matter jurisdiction is a threshold issue. "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d

2

648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  Absent a proper basis for subject matter jurisdiction, a case *must* be dismissed.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The JP Morgan Defendants assert that the Court lacks subject matter jurisdiction to hear this case on two grounds: (1) under the Rooker-Feldman doctrine and (2) because Plaintiff filed bankruptcy he lacks standing to assert these claims.

Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. See 28 U.S.C. § 1257(a).

"The Rooker Feldman doctrine . . . prohibits 'lower federal courts . . . from exercising appellate jurisdiction over final state court judgments." Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)). In the context of a state court foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may "succeed only to the extent that the state court wrongly decided the foreclosure action." Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996); see also SunTrust Mortg., Inc. v. Pippin, No. 5:10-cv-1, 2012 WL 5023109, at *4 (W.D.N.C. Oct. 16, 2012).

Not only do federal courts lack subject matter jurisdiction over claims actually decided in state foreclosure proceedings, they also lack subject matter jurisdiction over any matter

3

inextricably intertwined with the state foreclosure proceeding. The Rooker-Feldman bar "extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." Brumbly v. Seutshe Bank Nat'l Trust Co., No. 1:09CV144, 2010 WL 617368, at *2 (M.D.N.C. Feb. 17, 2010) (Dixon, Mag. J.) (citing Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)), adopted by Brumby, Jr. v. Deutsche Bank Nat. Trust Co., 1:09-cv-144, 2010 WL 3219353 (M.D.N.C. Aug 13, 2010).

A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Id. (quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997)); see also Davani v. Virginia Dept. of Transp., 434 F.3d 712, 719 (4th Cir. 2006) ("if the state court loser seeks redress in the federal district court for the injury caused by the state court decision," the claim is inextricably intertwined) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 293 (2005)). The Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the state. See Washington v. Wilmore, 407 F.3d 274 (4th Cir. 2005) (finding Rooker-Feldman did not bar a claim, in part because there was no mechanism by which the plaintiff could obtain state court resolution).

The "inextricably intertwined" prohibition extends to claims under federal law that, in effect, would require this Court to invalidate the judicial findings made in the state court foreclosure action. See Brumby, 2010 WL 617368, at *4; accord Givens v. Homecoming Fin., 278 Fed. Appx. 607, at *2 (6th Cir. 2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortagee after a state court granted the mortgagee possession of the residence

4

due to the mortgagor's default, upholding the trial court's ruling that it lacked jurisdiction under the Rooker-Feldman doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed. Appx. 487, at *2 (6th Cir. 2005) (unpublished) (upholding the trial court's ruling that it lacked jurisdiction under the Rooker-Feldman doctrine, stating "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"); Done v. Wells Fargo Bank, N.A., No. 08-CV-3040 (JFP)(ETB), 2009 WL 2959619, at *3-5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the Rooker-Feldman doctrine," and was alternatively barred by claim preclusion and collateral estoppel); Burlinson v. Wells Fargo Bank, N.A., Civil No. 08-cv-01274-REB-MEH, 2009 WL 646330, at *6 (D.Colo. Mar. 9, 2009) (stating that "any claim that Defendants violated the FDCPA by foreclosing on a property in which they had not legal interest is barred by Rooker-Feldman"). This Court has also held that TILA and RESPA claims arising from foreclosure orders in state court are barred by Rooker-Feldman. See, e.g. Pettis v. Law Office of Hutchens, Senter, Kellam, & Pettit, No. 3:13-cv-00147, 2014 WL 526105 (W.D.N.C. Feb. 7, 2014).

North Carolina law specifically states that the Clerk's order authorizing the sale of foreclosed property is a judicial act. N.C. Gen. Stat. § 45-21.16(d1). While Plaintiff does not directly appeal the Clerk's decision here, this Court would still be required to effectively invalidate the judicial findings made in the state court foreclosure action in order to grant any

5

damages under RESPA, TILA, or the FDCPA. Plaintiff's claims, therefore, are "inextricably intertwined" with the state court's decision, and is therefore unreviewable under the Rooker-Feldman doctrine. This is especially so since under the governing statute, Plaintiff had the opportunity to appeal the foreclosure order in state court and failed to do so. Thus, this Court lacks subject matter jurisdiction over Plaintiff's request.

Not only are the claims against the JP Morgan Defendants barred by the Rooker-Feldman doctrine, but also those claims levied against the Brock & Scott Defendants. Even though the Brock & Scott Defendants did not move to dismiss for lack of subject matter jurisdiction, "it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte*." Unitrin Auto and Home Insurance Co. v. Bastida, No. 3:09-cr-00217, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (citing Contrick v. Ryan, 540 U.S. 443, 455 (2004)). Since granting *any* of the damages sought would require the Court to effectively invalidate the Clerk's decision in the state foreclosure proceeding, the Court finds that its lack of subject matter jurisdiction extends not only to those claims brought against the JP Morgan Defendants but also to all those claims brought against Brock & Scott Defendants. Furthermore, because the Rooker-Feldman doctrine prevents the Court from exercising subject matter jurisdiction, the Court does not need to address the JP Morgan Defendants' argument that Plaintiff lost standing when he commenced a bankruptcy proceeding under Chapter 13.

For the above reasons, the JP Morgan Defendants' Motion to Dismiss, (Doc. No. 13), is GRANTED IN PART and DENIED IN PART AS MOOT and the Brock & Scott Defendants' Motion to Dismiss, (Doc. No. 18), is DENIED AS MOOT. Thus, all of Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. As no claim remains, the Complaint itself is similarly

DISMISSED WITH PREJUDICE, and the Clerk of Court is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: June 23, 2014

Frank D. Whitney
Chief United States District Judge